**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DOREEN ARCHULETA, | No. CV 17-7207-PLA |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| NANCY BERRYHILL, DEPUTY COMMISSIONER OF OPERATIONS FOR THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on September 29, 2017, seeking review of the Commissioner's[1] denial of her application for Disability Insurance Benefits ("DIB"). The parties filed Consents to proceed before a Magistrate Judge on October 17, 2017, and November 14, 2017. Pursuant to

---

[1] On March 6, 2018, the Government Accountability Office stated that as of November 17, 2017, Nancy Berryhill's status as Acting Commissioner violated the Federal Vacancies Reform Act (5 U.S.C. § 3346(a)(1)), which limits the time a position can be filled by an acting official. As of that date, therefore, she was not authorized to continue serving using the title of Acting Commissioner. As of November 17, 2017, Berryhill has been leading the agency from her position of record, Deputy Commissioner of Operations.

the Court's Order, the parties filed a Joint Submission (alternatively "JS") on August 28, 2018, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Submission under submission without oral argument.

**II.**

**BACKGROUND**

Plaintiff was born on March 14, 1966. [Administrative Record ("AR") at 219.] She has past relevant work experience as a receptionist. [AR at 58, 134.]

On April 22, 2014, plaintiff filed an application for a period of disability and DIB, alleging that she has been unable to work since September 15, 2012. [AR at 50; see also AR at 134.] After her application was denied initially, plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). [AR at 158-59.] A hearing was held on August 5, 2016, at which time plaintiff appeared represented by an attorney, and testified on her own behalf. [AR at 108-38.] A vocational expert ("VE") also testified. [AR at 133-37.] On September 23, 2016, the ALJ issued a decision concluding that plaintiff was not under a disability from September 15, 2012, the alleged onset date, through September 23, 2016, the date of the decision. [AR at 50-59.] Plaintiff requested review of the ALJ's decision by the Appeals Council. [See AR at 1.] When the Appeals Council denied plaintiff's request for review on August 4, 2017 [AR at 1-6], the ALJ's decision became the final decision of the Commissioner. See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam) (citations omitted). This action followed.

**III.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010) (citation omitted).

"Substantial evidence means more than a mere scintilla but less than a preponderance; it

2

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Id. (internal quotation marks and citation omitted). However, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." Id. (quoting Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (internal quotation marks omitted)). The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Id. (internal quotation marks and citation omitted); see also SEC v. Chenery Corp., 318 U.S. 80, 87, 63 S. Ct. 454, 87 L. Ed. 626 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.").

## IV.

## **THE EVALUATION OF DISABILITY**

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. Garcia v. Comm'r of Soc. Sec., 768 F.3d 925, 930 (9th Cir. 2014) (quoting 42 U.S.C. § 423(d)(1)(A)).

**A.  THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006) (citing Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999)). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Lounsburry, 468 F.3d at 1114. If the claimant is not currently engaged in substantial gainful activity, the

second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. § 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a prima facie case of disability is established. Id. The Commissioner then bears the burden of establishing that the claimant is not disabled because there is other work existing in "significant numbers" in the national or regional economy the claimant can do, either (1) by the testimony of a VE, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. part 404, subpart P, appendix 2. Lounsburry, 468 F.3d at 1114. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 721, 828 n.5 (9th Cir. 1995); Drouin, 966 F.2d at 1257.

**B.   THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 15, 2012, the alleged onset date.[2] [AR at 52.] At step two, the ALJ concluded that plaintiff has the severe impairments of degenerative disc disease of the lumbar spine; left ankle capsulitis and radiculopathy; osteoarthritis of the bilateral knees; fibromyalgia; rheumatoid arthritis;

---

[2]   The ALJ concluded that plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. [AR at 52.]

and "autoimmune hepatitis (possibility of contributing to pain from other conditions due to limiting types of pain medications that can be taken)." [Id.] The ALJ also determined that plaintiff's impairments of mood disorder not otherwise specified, and pain disorder associated with general medical condition, were nonsevere. [AR at 53.] At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets or medically equals any of the impairments in the Listing. [AR at 54.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[3] to perform sedentary work as defined in 20 C.F.R. § 404.1567(a),[4] as follows:

> [C]an stand and/or walk four hours out of an eight-hour workday, sit six hours out of an eight-hour workday, needs to use a single point handheld cane for all ambulation, can occasionally climb ramps and stairs, ladders, ropes, or scaffolds, stoop, kneel, crouch or crawl, can frequently balance, can handle and finger frequently with the bilateral upper extremities, can never work at unprotected heights or around dangerous moving machinery, is able to understand, remember and carry out simple and complex instructions, can interact appropriately with coworkers, supervisors and general public, and can respond appropriately to usual work situations and changes in a routine work setting.

[AR at 54-55.] At step four, based on plaintiff's RFC and the testimony of the VE, the ALJ concluded that plaintiff is able to perform her past relevant work as a receptionist. [AR at 58, 134-35.] Accordingly, the ALJ determined that plaintiff was not disabled at any time from the alleged onset date of September 15, 2012, through September 23, 2016, the date of the decision. [AR at 59.]

**V.**

---

[3] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

# THE ALJ'S DECISION

Plaintiff contends that the ALJ erred when he found that plaintiff can perform her past work as a receptionist as actually and as generally performed.[5] [JS at 4.] As set forth below, the Court respectfully disagrees with plaintiff and affirms the decision of the ALJ.

## A. STEP FOUR LEGAL STANDARD

At step four, the ALJ must determine whether plaintiff's RFC allows her to return to her past relevant work. Lester, 81 F.3d at 828 n.5; 20 C.F.R. § 404.1520(a)(4)(iv). Plaintiff has the burden of establishing that she "cannot perform [her] prior relevant work '*either* as actually performed *or* as generally performed in the national economy.'" Carmickle v. Comm'r, 533 F.3d 1155, 1166 (9th Cir. 2008) (emphases added). To support a step four finding that plaintiff is capable of performing past relevant work, the ALJ must make findings of fact regarding plaintiff's RFC, the physical and mental demands of plaintiff's past work, and whether plaintiff can return to her past relevant work either as actually or as generally performed. Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002); Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

When determining how a job is *generally* performed, the ALJ can rely on the descriptions given by the Dictionary of Occupational Titles ("DOT") or the testimony of a VE. See Soc. Sec. Ruling[6] ("SSR") 82-62; Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). The DOT raises a presumption as to job classification requirements. See Johnson, 60 F.3d at 1435; see also Pinto, 249 F.3d at 845-46 ("the best source for how a job is generally performed is usually the [DOT]") (internal citations omitted). Alternatively, to assess the exertional and non-exertional demands of a claimant's past relevant work as *actually* performed, the SSRs provide that the ALJ

---

[5] Defendant contends that plaintiff has waived this issue because she did not raise it to the ALJ or to the Appeals Council. [JS at 9.] The Court will not address the waiver issue and instead will consider plaintiff's issue on the merits.

[6] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

may rely upon two sources of information: a properly completed Form SSA-3369 (Work History Report) and the claimant's own testimony. Pinto, 249 F.3d at 845 ("[The SSRs] name two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report, SSR 82-61, and the claimant's own testimony, SSR 82-41."). A claimant is typically the primary source for determining how a job was actually performed. See SSR 82-62; see also Pinto, 249 F.3d at 847 (citing SSR 82-62).

**B.  ANALYSIS**

Here, the ALJ found at step four that plaintiff was capable of performing her past relevant work as a receptionist, as actually and generally performed. [AR at 58.] In her Work History Report, plaintiff described her positions as a receptionist at an escrow company, at a dental clinic, and at a veterinary clinic as requiring her to sit between six to seven hours a day, although for her position at the veterinary clinic she testified at the hearing that "it was more like six to eight hours" of sitting.[7] [AR at 114, 116, 262.] Plaintiff contends, therefore, that there is an actual conflict between her RFC limiting her to sitting six hours out of an eight-hour workday and the receptionist position as she actually performed it. [JS at 4-6, 14-15.] Plaintiff also argues that she cannot perform her past relevant work as a receptionist as generally performed. [JS at 6-7, 15-18.] She points out that according to the DOT, a receptionist performs the following duties:

> Receives callers at establishment, determines nature of business, and directs callers to destination:  Obtains caller's name and arranges for appointment with person called upon. Directs caller to destination and records name, time of call, nature of business, and person called upon.

[JS at 6 (citing DOT No. 237.367-038).] She contends that because the DOT describes duties that receptionists perform sitting, it therefore presumptively describes that work as generally performed. (Id. (citation omitted)). Plaintiff then suggests that "[c]ommon experience directs the conclusion that receptionists perform their jobs sitting because they are tethered to their desks,

---

[7]  In her Work History Report, however, plaintiff indicated that in each of those three positions she *also* stood for one hour *and* walked for one hour in an eight-hour workday. [AR at 262.] If that is so, then she was only sitting for six hours in an eight-hour workday.

7

maintaining office order." [Id. (citing Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016)).] She states that receptionists "act as the first line of defense in maintaining office order," and "[e]very call that comes in, and every person who comes into the office, must go through receptionists, who direct calls and clients where they need to go." [Id.] She observes that "[w]ithout receptionists sitting at their desks all day, answering phones and welcoming clients, the office falls to disorder," and "[d]isorder leads to decreased office productivity." [JS at 6-7.] According to plaintiff, "[r]eceptionist[s] sit all day so colleagues can focus on their tasks and achieve higher levels of productivity." [JS at 7.] Plaintiff further states that the Commissioner's regulations describe sedentary work (such as the receptionist position) as including "periods of standing or walking [that] should generally total no more than about 2 hours in an 8-hour workday, and sitting [that] should generally total *approximately* 6 hours of an 8-hour workday." [Id. (citing Soc. Sec. Ruling 83-10) (emphasis added).] She argues that the ALJ found that she can sit six hours out of an eight hour workday, which is her *maximum* capability, not that she can sit "*approximately* six hours in an eight-hour workday." [Id.] Thus, because the receptionist position requires more than six hours of sitting based on the DOT description and common experience, plaintiff argues that there is an apparent conflict between the narrative of the DOT and how skilled sedentary work is generally performed. [Id.]

Defendant responds that the DOT description of the receptionist position provides that sedentary work involves "sitting most of the time, but may involve walking or standing for brief periods of time," and that jobs are sedentary when walking and standing are required "only occasionally." [JS at 11-12 (citing DOT No. 237.367-038).] Defendant submits that the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, appendix C, Physical Demands, defines "occasionally" as "up to 1/3 of the time," i.e., walking and standing up to 2.7 hours in an eight-hour workday, which is consistent with the ALJ's determination (not challenged by plaintiff) that plaintiff is capable of standing and/or walking for four hours out of an

eight-hour workday.[8] [JS at 12.] Defendant contends that plaintiff is not a vocational expert and "provides no basis or support for her unfounded assumption" that the receptionist position requires *more* than six hours of sitting, "other than her own lay opinion." [Id.] Defendant deems Gutierrez -- the case relied on by plaintiff -- to be inapplicable because in that case the court was assessing whether there was an apparent conflict between the VE's testimony that the claimant could perform a particular occupation and an overhead reaching limitation -- a "directional" limitation not specifically addressed by the DOT. [Id.]

The Court finds that even assuming -- without deciding -- that plaintiff is not able to perform her past relevant work as a receptionist as actually performed, she is nevertheless able to perform that work as generally performed. Carmickle, 533 F.3d at 1166 ("At step four of the sequential analysis, the claimant has the burden to prove that [s]he cannot perform [her] prior relevant work '*either* as actually performed *or* as generally performed in the national economy.'") (emphases added). In this case, plaintiff's citation to the DOT job description is incomplete -- that description does not just include tasks that are performed sitting, it also states that a receptionist "[m]ay collect and distribute mail and messages," and "[m]ay perform variety of clerical duties . . . and other duties pertinent to type of establishment." DOT No. 237.367-038. Plaintiff herself testified that her duties included filing, faxing, checking on the animals (in her position with the veterinary clinic), and "other" administrative duties. [AR at 114, 116.] Thus, not all of the tasks generally (or even actually) performed as a receptionist necessarily are performed sitting. Additionally, the DOT description notes that the work involves "sitting most of the time, but may involve walking or standing for brief periods of time." [Id.] SSR 83-10 -- relied on by plaintiff -- describes sedentary positions as requiring "periods of standing or walking [that] should generally total no more than about 2 hours in an 8-hour workday, and sitting [that] should generally total *approximately* 6 hours of an 8-hour workday." SSR 83-10 (emphasis added). This Ruling does not state that sitting for more than six hours is *required* in such positions, and clearly allows for sitting *up to* six hours,

---

[8] The VE also testified that even if the hypothetical individual was limited to two hours of standing and walking in an eight-hour workday, the individual could still perform the receptionist position. [AR at 135.]

consistent with plaintiff's RFC. [JS at 7 (citing Soc. Sec. Ruling 83-10).] The ALJ's hypothetical to the VE encompassed an individual with plaintiff's background, education, and RFC limitations, including the fact that the "individual could sit for six hours in an eight-hour workday," and the VE testified that such an individual could perform the receptionist position as actually performed, and that her testimony was consistent with the DOT. [AR at 134.] Because the VE is an expert with specialized knowledge who testified that her testimony was consistent with the DOT, and plaintiff fails to demonstrate that there is an actual or apparent conflict between the DOT job description and her RFC, the ALJ was not required to resolve any purported conflict and did not err when relying on the VE's testimony to find that plaintiff was able to perform the position of receptionist. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("[a] VE's recognized expertise provides the necessary foundation for his or her testimony").

**VI.**

**CONCLUSION**

**IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **denied**; and (2) the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: September 14, 2018

                                                                       PAUL L. ABRAMS
                                       UNITED STATES MAGISTRATE JUDGE